UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 15-00580 RS |
| Plaintiff, | ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| WILLIAM DOW, | |
| Defendant. | |

On December 15, 2015, William Dow was charged by a federal grand jury in a single-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Because this charge carries a maximum term of imprisonment of ten years, the government was entitled to a detention hearing under 18 U.S.C. § 3142(f)(1)(C) so that the Court could determine whether any condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of other persons and the community.

This matter came before the Court on December 23, 2015, for a detention hearing. The defendant was represented by Chief Deputy Public Defender Geoffrey A. Hansen. Assistant United States Attorney Jerome Mayer-Cantú appeared for the government.

U.S. Pretrial Services conducted a full bail study and submitted a report recommending detention. The government moved for detention, and the defendant opposed. The parties submitted proffers and arguments at the hearing.

The Court has reviewed the Pretrial Services report, the indictment, and the government's proffer. Upon consideration of the facts, proffers, and arguments made at the detention hearing, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or

combination of conditions can reasonably assure the safety of other persons and the community. Accordingly, the defendant must be detained pending trial in this matter.

In deciding to detain the defendant, the Court has looked at and considered the factors set forth in 18 U.S.C § 3142(g): (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including his physical and mental condition, family ties, employment, life and residence in the community, community ties, past conduct and criminal record, history of drug or alcohol abuse, record of appearance at court proceedings, and whether he was on conditional release of any sort at the time of the alleged offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

Therefore, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is remanded to the custody of the United States Marshal;

2. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant be afforded reasonable opportunity for private consultation with counsel; and

4. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: 1/20/2016

_____
HONORABLE NANDOR   J. VADAS
United States Magistrate Judge

ORDER DETAINING DEFENDANT PRIOR TO TRIAL
3:15-CR-00580-RS